## Case No. 12,184.

### RYAN v. The CATO.

#### [Bee, 241.] 1

District Court, D. South Carolina.   July, 1807.

SALVAGE—ADJUDICATION—INDEPENDENT CLAIM.

Petitioner had suffered a claim for salvage to be preferred and decided on, before he made any application for a proportion thereof. Under all the circumstances the court ordered him a compensation out of the proportion of proceeds, reserved for the owners, but remaining in the marshal's hands.

[This was a libel for salvage by Amos Ryan against the ship Cato.]

BEE, District Judge. This case comes before me upon petition for compensation out of the ship Cato and cargo. The petitioner states "that he is master and owner of a fishing smack. That near the Gulf Stream, on or about the ——— last, he fell in with the ship Cato, loaded with cotton, &c. That on boarding said ship, she was found without any person on board. That he thereupon took her in tow for two days and two nights, when the weather becoming boisterous, he anchored her in eight fathoms water, nearly in sight of the Charleston lighthouse. That having nobody on board his smack but one negro, he could not leave any person in possession of the ship. That in attempting to let go the ship's anchor, he made exertions by which, for some time, he thought his life endangered, as the blood gushed from his mouth in consequence of a violent strain. That these circumstances compelled him to leave the ship at anchor, and to come up to Charleston,

1 [Reported by Hon. Thomas Bee, District Judge.]

where, as soon as he arrived, he made report of what had been done. That he then hired a vessel and several hands, and proceeded in search of the ship, which, in the heavy gale of that night, had parted from her cable. That, pursuing a direct course, he afterwards found her in possession of Mr. Mackay and others, who would not suffer him to meddle at all with the ship or cargo. That he complained of this conduct, conceiving himself fully entitled to a proportion of salvage for what he had done. That he was at length permitted by said persons to take with him two bales of wet cotton, which he afterwards sold at auction for a trifling sum, by no means adequate to his labour and sufferings, and to the expenses he incurred in endeavouring to preserve the vessel. That without his services as above stated, in towing and anchoring the ship, she must have foundered; or, at any rate, fallen into other hands than those of the persons to whom this court had decreed salvage. That the petitioner was astonished when he heard of such decree, having never been apprized thereof by the publication of any monition, or advertisement of any sale by the marshal; though the salvors well knew the petitioner's claim. That from his ignorance of the proceedings, and the haste with which they were transacted, he never had any opportunity of preferring his suit to this court for what he conceives himself justly and equitably entitled to. He prays, therefore, that he may be allowed to prove the several matters set forth above, and that the court will give him relief," &c.

This is a case differing from any other that has come before me, inasmuch as the claim for salvage had been previously satisfied to the amount of one half of the property saved; this being a vessel derelict. If the petition should be dismissed, the petitioner would have no cause of complaint, since he is alone to be blamed for ignorance of the former proceedings. He should have applied in time, and originated the steps necessary to procure him compensation. It is true that no monition issued; but this was omitted, because the respective agents of the owners and underwriters were before the court, and suggested that a monition was not necessary. The sale of the articles on Edisto Island, instead of their being brought for that purpose to Charleston, was likewise with their consent. The court knew nothing of any other interest.

The petitioner's services cannot be denied, and the strong desire I feel to encourage similar exertions induces me, even at this late hour, to take notice of this petition. It appears that, if the storm had not prevented, this man would have brought the vessel into port, and been entitled to the whole salvage. At any rate, his share would have been larger, if he had come sooner to demand it. As it is, I cannot take back any part of what has been allowed to the other salvors, because they are not at all to blame in the business:

and it is contrary to the rule by which I have hitherto been guided in cases of this sort to take from the original owners more than one half of their property, for compensation, under any circumstances. However, as I do not wish that the petitioner should go altogether unrewarded, and as the remaining half of the proceeds of this sale are in the hands of the marshal, I decree that the petitioner receive therefrom the sum of two hundred dollars.